# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VINCENT RAMONE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, et al., <br><br> Defendants. | Case No.: 1:17-cv-0825 - DAD - JLT <br><br> ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND VACATING THE SCHEDULING CONFERENCE |

Raymond Vincent Ramone and Rita Yvonne Ramone initiated this action by filing a complaint on June 20, 2017. (Doc. 1) The following day, the Court issued summons to the named defendants. (Doc. 2) In addition, the Court issued its "Order Setting Mandatory Scheduling Conference," in which Plaintiffs were informed:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint.

(Doc. 3 at 1-2, emphasis added)

In relevant part, Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

1

that service be made within a specified time." The deadline for service may be extended "if the plaintiff shows good cause for the failure" to serve within the specified time. *Id.*

The Court issued the summons on June 21, 2017. As a result, Plaintiffs were required to serve the summons and complaint within ninety days, or no later than September 19, 2017. To date, Plaintiff has not filed proofs of service indicating the defendants have been served with the summons and complaint. Further, Plaintiffs have not requested an extension of time and the Court has no information regarding why service has not been completed.[1] Thus, the Court is unable to find good cause for the failure to comply with the Court's order to "diligently pursue service of the summons and complaint," or to comply with the deadline imposed by Rule 4(m).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Accordingly, the Court **ORDERS:**

1. Plaintiffs **SHALL** show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to prosecute and failure to comply with the Court's order or, in the alternative, to file proofs of service for the defendants identified in the complaint; and

///

///

---

[1] In light of the fact that the defendants are the United States Postal Service and its employee, it is difficult to believe that attempts at service would not been fruitful.

2. The Scheduling Conference set for October 6, 2017 is **VACATED**, to be re-set at a later date upon a showing that Plaintiffs intend to prosecute this action.

IT IS SO ORDERED.

Dated: __**September 22, 2017**__  __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE