# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VINCENT RAMONE, et al., ) | Case No.: 1:17-cv-0825 - JLT |
| ) | |
| Plaintiffs, ) | PRETRIAL ORDER |
| ) | |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Raymond Vincent Ramone and Rita Yvonne Ramone assert the Government is liable for personal injuries sustained in a vehicular accident with mail carrier employed by the United States Postal Service. Plaintiffs seek monetary damages for their injuries pursuant to the Federal Court Claims Act, 28 U.S.C. § 2671. (*See* Doc. 1)

**A.  JURISDICTION/ VENUE**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345(b), and supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367. In addition, the venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

**B.  BENCH TRIAL**

Pursuant to the FTCA, Plaintiffs are not entitled to a trial by jury. 28 U.S.C. § 2402.

1

**C.  UNDISPUTED FACTS**

The parties agree the following facts are undisputed:

On April 24, 2016, Raymond and Rita Ramone were traveling eastbound on State Route 46 in an unincorporated area of San Luis Obispo County, California. The speed limit was 55 miles per hour. The weather was clear and dry and all relevant events occurred during daylight hours. At approximately 3:45 p.m. that day, they were involved in a motor vehicle accident with a United States Postal Service ("USPS") vehicle owned by the United States. The USPS vehicle was operated by an employee of the USPS, Andres Recinos, in the course and scope of his employment. Recinos is no longer employed by USPS and, at relevant times, his whereabouts have been unknown to either party.

The Ramones did not suffer any visible injuries and, and with the exception of a minor arm abrasion, were both able to exit their vehicle and walk away from the accident. At that time, they both indicated they were not injured, and both declined immediate medical attention. Rita Ramone had a pre-existing back and neck condition and received an epidural injection for pain approximately one week prior to the accident. The Plaintiffs traveled away from the scene in the tow truck called to transport their vehicle. Recinos was uninjured.

California Highway Patrol ("CHP") Officer D.J. Ellis investigated the accident and took statements, including a statement from Raymond Ramone that he was traveling at 65 miles per hour at the time of the accident. Officer Ellis also took a statement from Mr. Recinos that he was prepared to make a U-turn. Officer Ellis wrote a Traffic Collision Report indicating that this was a non-injury accident. No citations were issued.

The Plaintiffs each filed administrative tort claims with the USPS on October 3, 2016, seeking $25,000 in total damages in their respective administrative claims. Rita Ramone also claimed $18,067.25 in property damage for her vehicle, which was paid by her automobile insurance provider and subsequently settled by the United States.

(Doc. 34 at 2-3)

**D.  DISPUTED FACTS**

All remaining material facts are disputed, including, but not limited to:

1.  Whether the injuries and/or damages Plaintiffs allege to have incurred are the result of Plaintiffs' own negligence and failure to exercise due care.

2.  Whether the injuries and/or damages Plaintiffs allege to have incurred are the result of Mr. Recinos's negligence and/or failure to exercise due care.

3.  Whether either of the parties contributed to the cause of the accident.

4.  Whether Plaintiffs were damaged in any way by the accident.

**E.  DISPUTED LEGAL ISSUES**

None.

**F.  DISPUTED EVIDENTIARY ISSUES**

**<u>Plaintiffs:</u>**

Plaintiffs "contend they properly have disclosed their treating medical providers (none of which is a "retained" expert, and none of which the United States chose to depose)." (Doc. 34 at 4) "The opinions that plaintiffs intend to obtain testimony regarding will be those opinions, including causation, which were formed within the course of treatment of [Plaintiffs], and thus not subject to the requirements under Rule 26(a)(2). Their respective disclosures also advised that they would be testifying as to the nature and extent of injuries sustained, the treatment rendered, and the medical costs of treatment to the respective plaintiffs." (*Id.*) Plaintiffs note that under "California case law, treating physicians can testify based on their own knowledge and experience regarding the cost of medical services." (*Id.*)

**Defendant:**

The Government asserts "Plaintiffs failed to disclose any expert witnesses regarding causation of injuries and/or future medical expenses pursuant to Rule 26(a)." (Doc. 34 at 4) The Government "will seek to preclude the testimony of any other witness not disclosed pursuant to Rule 26," noting that Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." (*Id.*, quoting *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti by Molly, Ltd.*, 259 F.3d at 1106). Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

(Doc. 34 at 4)

In addition, the Government observes: "[P]olice reports are generally excluded from evidence as hearsay except to the extent to which they incorporate firsthand observations of the officer." (Doc. 34 at 4, citing Annot., 69 A.L.R.2d 1148; *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973)) The statements by an adverse party to police officers are admissible.

The Court observes that if a provider is not obligated to provide a report, in the expert disclosure, the party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). Though the parties

3

filed their expert disclosures, it appears that they may not have filed their complete disclosure. Thus, the Court cannot determine whether they complied with Rule 26.

On the other hand, a treating physician who forms opinion based only on the treatment record before him or her—without resort to considering information not material to the course of treatment—the treating doctor need not provide a report. Anything else requires compliance with Fed.R.Civ.P.26 (a)(2)(C). Federal Rules of Civil Procedure 37 mandates the Court to refuse to allow the presentation of any expert witness if the party failed to comply with the disclosure requirements.

**G.    SPECIAL FACTUAL INFORMATION**

None.

**H.    RELIEF SOUGHT**

**Plaintiffs**

1. Ray Ramone

- Medical expenses reasonably and actually incurred in the amount of $13,257.90
- Loss of earnings in the amount of $42,896.80
- General damages past and future in the amount of $150,000.00 for injuries to his shoulder and neck.

2. Rita Ramone

- Medical expenses reasonably and actually incurred to date in the amount of $93,434.21
- Future medical expenses according to proof
- General damages past and future in the amount of $250,000.00 for injuries to her neck, back and knee.

In addition, plaintiffs seek a determination of zero comparative negligence on the part of plaintiff Ray Ramone.

**Defendant**

The United States seeks dismissal of the Complaint. In the event Plaintiffs are successful in holding the United States liable for damages, the United States seeks a determination of comparative fault. Plaintiffs' damages, if any, are limited to the amounts set forth in their administrative claims, which in this case is $25,000 each. 28 U.S.C. § 2675(b). Plaintiffs' damages claims are also limited by

their ability to show that their claimed injuries (including future medical expenses, if any) were caused by the motor vehicle accident.

**I.    ABANDONED ISSUES**

None.

**J.    WITNESSES**

1.    The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiffs' Witnesses**

1. Ray Ramone
2. Rita Ramone
3. Officer D.J. Ellis, California Highway Patrol, Templton, CA
4. Rebecca Denning, HR Representative for employer Trader Joes
5. William Farr, M.D., Primary Care Physician
6. Stephen Schopler, M.D., Orthopedic Surgeon
7. Mark Schamblin, M.D., Orthopedic Surgeon
8. Christopher Hamilton, M.D., Orthopedic Surgeon
9. David Waba, M.D., Orthopedic Surgeon
10. Tim Terrio, Physical Therapist
11. Ashok Parma, M.D., Pain Management Physician

**Defendants' Witnesses**

1. Officer D.J. Ellis, California Highway Patrol, Templeton, CA
2. Leslie A. Konkin, M.D.
   Independent Medical Examinations
   1425 West H Street, Suite 300
   Oakdale, CA 95361
   Telephone: (209) 605-64692

**2.    The court does not allow undisclosed witnesses to be called for any purpose,**

**including impeachment or rebuttal, unless they meet the following criteria**:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    a. The witness could not reasonably have been discovered prior to the discovery cutoff;

    b. The court and opposing parties were promptly notified upon discovery of the witness;

    c. If time permitted, the party proffered the witness for deposition; and

    d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**K. EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing parties were promptly informed of their existence; and

    c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiffs' Exhibits**

1. Map of accident area
2. Photos of vehicles, post-accident
3. CHP Traffic Collision Report
4. Loss of Earnings documentation, Trader Joes
5. Medical Records of Rita Ramone
6. Medical Billings of Rita Ramone
7. Medical Records of Ray Ramone
8. Medical Billings of Ray Ramone
9. Medical abstract of medical expenses, indexed by provider for each plaintiff.

**Defendant's Exhibits**

1. Traffic Collision Report prepared by Officer D.J. Ellis
2. Administrative Claim by Rita Ramone
3. Administrative Claim by Raymond Ramone
4. Plaintiffs' support for Administrative Claims dated November 16, 2016, including attached medical records.
5. Doc. 26-3 Declaration of Yolanda Ramirez and Ex. A and B
6. Doc. 26-2 Declaration of Jeffrey J. Lodge and Ex. A email dated Dec. 4, 2017
7. Doc. 23 Plaintiffs' Expert Disclosure
8. Doc. 24 United States Expert Disclosure

9. Dr. Konkin's expert's report and curriculum vitae
10. Rita Ramone's pre-accident medical records, including: Central California Pain Management/ Dr. Ashok M. Parmar and Truxtun Radiology.
11. The United States may use additional documents as rebuttal including, but not limited to: Plaintiffs' medical records (including SCOI, Bahamas Surgery Center, Bakersfield Memorial Hospital and others), Raymond Ramone's deposition transcript, Rita Ramone's deposition transcript, Officer D.J. Ellis' deposition transcript, the Plaintiffs' discovery responses or lack thereof. The United States may supplement its exhibit lists up to the time of the pre-trial conference. The United States also reserve the right to supplement their exhibit lists for the purpose of cross or rebuttal examination.

On or before **August 2, 2019** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **July 31, 2019.**

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiffs' exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiffs' exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

1 | If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on September 6, 2019. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L.     POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**M.     DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

### Plaintiffs' Documents

Plaintiffs may utilize the deposition transcripts of Officer D. J. Ellis, Ray Ramone, and Rita Ramone and Leslie Konkin, M.D., as necessary.  However, the original, certified transcript for each witness SHALL be lodged with the Court no later than **September 6, 2019**.

### Defendant's Documents

The United States may use discovery documents as rebuttal including, but not limited to: Plaintiffs' administrative claims, Plaintiffs' medical records (including SCOI, Bahamas Surgery Center, Bakersfield Memorial Hospital and others), Plaintiffs' deposition transcripts, Plaintiffs' discovery responses or lack thereof, Deposition transcript of Officer Elllis including, but not limited to: no injuries identified at the scene at 27:18-28:14 and 44:15-46:11; speed limit at the scene was 55 mph at 46:12-15; and Raymond Ramone said he was driving 65 mph at 46:16-47:3.

The original, certified transcript for each witness SHALL be lodged with the Court no later than **September 6, 2019**.

**N.     FURTHER DISCOVERY OR MOTIONS**

The United States will seek to preclude the testimony of any witness not disclosed pursuant to Rule 26, and to the extent any such testimony is allowed, the United States may request additional

discovery. Plaintiffs did not disclose any retained expert regarding causation as required by Civil Rule 26(a)(2)(B). See Plaintiff's Expert Disclosure, Doc. 23. They also did not disclose any treating physician that would give an opinion on causation as required by Civil Rule 26(a)(2)(C). *Id*. The defense contends is now too late for Plaintiffs to introduce expert causation evidence and expert evidence regarding future medical expenses.

Plaintiffs will move to exclude any testimony to the effect that a differential of speed of 10 mph by the Ramone vehicle would have any effect on the cause of this accident. The United States would be required to offer expert testimony regarding accident reconstruction on such an issue. Neither side has designation of a qualified expert in this area.

**O. STIPULATIONS**

The parties stipulate to the authenticity and admissibility of the records produced by the following entities:

1. Administrative Claim by Rita Ramone
2. Administrative Claim by Raymond Ramone
3. Support for Administrative Claims dated November 16, 2016
4. Doc. 26-3 Declaration of Yolanda Ramirez and Ex. A and B.
5. Doc. 26-2 Declaration of Jeffrey J. Lodge and Ex. A email dated Dec. 4, 2017
6. Doc. 23 Plaintiffs' Expert Disclosure.
7. Doc. 24 United States Expert Disclosure

**P. AMENDMENTS/ DISMISSALS**

None.

**Q. SETTLEMENT NEGOTIATIONS**

The parties report they "have discussed settlement but were unable to resolve this matter." (Doc. 34 at 12)

**R. AGREED STATEMENT**

None.

**S. SEPARATE TRIAL OF ISSUES**

None.

**T.    APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.    ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**V.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

A bench trial is set for **September 10, 2019** at 1:30 p.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 2-3 days.

**W.    TRIAL PREPARATION AND SUBMISSIONS**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **August 30, 2019**.

**X.    OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**Y.    MISCELLANEOUS MATTERS**

None.

**Z.    COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:    **July 16, 2019**               **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE